Filed 10/10/25  P. v. Brannigan CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C102226 |
| v. | (Super. Ct. No. 09F06130) |
| JASON RAYMOND BRANNIGAN, | |
| Defendant and Appellant. | |

In 2011, a jury found defendant Jason Raymond Brannigan guilty on several counts related to acts of domestic violence.  The trial court found true a prior serious felony enhancement, a prior prison term enhancement, and an on-bail enhancement, and sentenced defendant to 18 years eight months in prison.

In 2024, the Secretary of the Department of Corrections and Rehabilitation recommended that the trial court recall defendant's sentence and resentence him under Penal Code section 1172.75.[1] In a subsequent resentencing hearing, the trial court struck the prior prison term enhancement but declined further sentencing reductions, resentencing defendant to 17 years eight months in prison.

Defendant now contends that in resentencing him, the trial court relied on factors not established by the jury and/or failed to consider appropriate factors warranting relief. Finding no error or abuse of discretion, we will affirm the judgment.

BACKGROUND

Because the parties do not dispute the facts set forth in the probation report and rely on them in their briefing, we use those facts in the background portion of this opinion. (See, e.g., *County of El Dorado v. Misura* (1995) 33 Cal.App.4th 73, 77; *People v. Ruiloba* (2005) 131 Cal.App.4th 674, 684.)

In 2009, defendant and the victim had been dating for about four years when the victim fled with her children, describing defendant as "extremely violent" and "capable of killing her." Defendant had previously assaulted the victim and threatened to kill her. He had locked her in her room and taken her phone so she could not call law enforcement.

A jury convicted defendant of domestic violence (§ 273.5, subd. (a)), false imprisonment (§ 236), vandalism (§ 594, subd. (b)(1)), and two counts of criminal threats (§ 422). Based on defendant's admissions, the trial court found the following allegations true: defendant had a prior serious felony conviction (§ 667, subd. (a)), a prior prison term (§ 667.5, subd. (b)), he was released on bail when he committed the current offenses (§ 12022.1), and he was convicted of domestic violence within

---

[1] Undesignated statutory references are to the Penal Code.

seven years of serving a prior prison term (§ 273.5, former subd. (e)(1), now subdivision (f)(1)).

The trial court sentenced defendant to 18 years eight months in prison, consisting of the following:  10 years for the domestic violence conviction (the upper term of five years[2] doubled for the prior strike), 16 months for one of the criminal threats convictions, 16 months for the vandalism conviction, five years for the prior serious felony enhancement, and one year for the prior prison term enhancement. The trial court imposed a concurrent four-year term for the second criminal threats conviction, and imposed but stayed a 16-month sentence for the false imprisonment conviction and a two-year sentence for the on-bail enhancement.

In early 2024, the Department of Corrections and Rehabilitation notified the trial court that under section 1172.75, subdivision (c)(2), defendant was eligible for resentencing because his 2011 sentence included a now invalidated prior prison term enhancement.

Defendant asked the trial court to reconsider the upper term sentence under section 1170, subdivision (b), because his performance in prison warranted a reduction in his sentence.  He also asked the trial court to dismiss his enhancements under section 1385, subdivision (c), claiming there was no evidence that he posed a risk of physical harm to anyone.  He argued he was an older offender at age 47, he had been in prison for 15 years, and he made rehabilitative efforts such as taking courses on substance abuse, anger management, and domestic violence.  Defendant argued that dismissing the enhancements was warranted because there were multiple enhancements alleged in this case (§ 1385, subd. (c)(2)(B)), application of an enhancement could result in a

_____

[2]  Because defendant was convicted of domestic violence within seven years of serving a prior prison term, five years is the applicable upper term under section 273.5, former subdivision (e)(1), now subdivision (f)(1).

3

sentence of over 20 years (§ 1385, subd. (c)(2)(C)), and the prior serious felony enhancement was based on a prior conviction that was over five years old (§ 1385, subd. (c)(2)(H)).

In response, the People argued that defendant posed a current risk of danger to the community based on his history of violent behavior, his recidivism, and his poor performance in prison. The People provided a "Nonviolent Parole Review Decision" from the Board of Parole Hearings (Board) that described defendant's serious rules violations while in prison, including gang activity, fighting, possession of a deadly weapon, battery, and other violent behavior. The report stated that defendant engaged in violent behavior as recently as late 2023, when he had rules violations for battery with a deadly weapon and battery on a peace officer. The report described defendant's participation in self-help programs as insufficient to address the factors that contributed to his criminality. The Board determined that defendant posed a "current, unreasonable risk of violence or a current unreasonable risk of significant criminal activity to the community."

The trial court declined to reduce the upper term sentence. As for the enhancements, in determining whether to dismiss them under section 1385, subdivision (c), the trial court agreed with defendant that there were multiple enhancements alleged in the case and that the prior serious felony conviction was over five years old. But it noted that application of the enhancements would not result in a sentence of over 20 years. Despite the mitigating circumstances, the trial court declined to exercise its discretion under section 1385, subdivision (c) to dismiss the enhancements. It based its decision on defendant's history of violence, his propensity for violence in prison, and his limited participation in rehabilitative efforts to address his criminality. The trial court concluded that defendant posed an unreasonable risk of violence to the public and that dismissing any of the enhancements would endanger public safety.

4

The trial court struck the prior prison term enhancement and resentenced defendant to 17 years eight months in prison.

DISCUSSION

Defendant contends that in resentencing him, the trial court relied on factors not established by the jury and/or failed to consider appropriate factors warranting relief. Specifically, as to reimposition of the upper term, defendant argues aggravating circumstances are those that make the offense worse than the ordinary, but there is insufficient evidence that the domestic violence was worse than the ordinary, and the trial court did not identify specific circumstances in aggravation. As for the trial court's decision not to dismiss the enhancements, defendant argues dismissing an enhancement was supported by the record, and the trial court's focus on defendant's domestic violence and in-prison conduct does not establish he will commit an enumerated violent felony (a so-called "super strike") if released from prison.

A

We begin with defendant's challenge to the reimposition of the upper term sentence. Under section 1172.75, a person currently serving a term for a prior prison term enhancement imposed before January 1, 2020 (with exceptions not relevant here) is entitled to recall of the sentence and resentencing, as such enhancements have been declared legally invalid. (§ 1172.75, subds. (a)-(c).) Section 1172.75, subdivision (d)(2) provides that the resentencing court "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." Section 1172.75, subdivision (d)(4) provides that, in resentencing proceedings pursuant to this section, "[u]nless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant,

5

or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

In *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, this court held that section 1172.75, subdivision (d)(4) "carves out an exception to the general rule that all ameliorative changes to the law must be applied at a section 1172.75 resentencing and does not require aggravating factors to be found true beyond a reasonable doubt if the upper term was previously imposed." (*Brannon-Thompson*, at p. 458.) This court stated the Legislature intended the amendments to apply "only if the trial court is imposing the upper term for the first time at a section 1172.75 resentencing." (*Id*. at pp. 466-467.)

Consistent with *Brannon-Thompson*, the trial court here could reimpose the upper term for the domestic violence conviction at the section 1172.75 resentencing without proving aggravating circumstances because the upper term had previously been imposed. Accordingly, the trial court did not err in reimposing the upper term based on aggravating circumstances not proven in accordance with section 1170, subdivision (b).

Defendant contends that if the *Brannon-Thompson* interpretation of section 1172.75, subdivision (d)(4) is followed, there would be no real resentencing for defendants who received an upper term. Defendant instead urges the analysis in *People v. Gonzalez* (2024) 107 Cal.App.5th 312. In *Gonzalez*, the court acknowledged "that the plain language of section 1172.75, subdivision (d)(4), on its face, could be interpreted as not requiring proof of aggravating factors before reimposing an upper term sentence." (*Id*. at pp. 328-329.) But the court concluded that "reading an exemption into section 1172.75, subdivision (d)(4) . . . and thereby allowing a court to resentence a defendant to an upper term sentence without proof beyond a reasonable doubt of aggravating factors, would run afoul of the Sixth Amendment implications identified in [*People v. Lynch* (2024) 16 Cal.5th 730]." (*Gonzalez*, at p. 330.)

6

We decline to deviate from this court's analysis in *Brannon-Thompson.* Under the Sixth Amendment, "any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt." (*Cunningham v. California* (2007) 549 U.S. 270, 281.) And under *People v. Lynch* (2024) 16 Cal.5th 730, the additional factual determinations required to impose the upper term under section 1170, subdivision (b) implicate the Sixth Amendment jury trial right. (*Lynch*, at p. 760.) But as this court explained in *Brannon-Thompson*, section 1172.75, subdivision (d)(4) sets forth an exception to the factfinding requirements of section 1170, subdivision (b). And because those requirements do not apply when reimposing the upper term at a section 1172.75 resentencing, the Sixth Amendment is not implicated. (See *Lynch*, at p. 759 ["It is the requirement of additional factfinding that brings the Sixth Amendment into play"]; see also *id*. at p. 756 ["[I]n this context, what the Sixth Amendment requires is necessarily informed by what the state statutory scheme requires"].)

The trial court did not err in reimposing the upper term sentence.

B

As for the trial court's decision not to dismiss an enhancement, section 1385, subdivision (c)(1), as amended by Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1), provides: "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." Subdivision (c)(2) of section 1385 lists nine mitigating circumstances and states in relevant part: "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in paragraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." Two enumerated

mitigating circumstances are relevant in this case: that multiple enhancements were alleged in a single case (§ 1385, subd. (C)(2)(B)), and that the prior serious felony enhancement was based on a prior conviction that is over five years old (§ 1385, subd. (c)(2)(H)).

We review a trial court's decision not to dismiss an enhancement for an abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 374.) Defendant bears the burden of clearly showing that the trial court's decision was irrational or arbitrary. (*Id*. at pp. 376-377.) In the absence of evidence in the record to the contrary, we presume the trial court was aware of, and followed, the law. (*People v. Thomas* (2011) 52 Cal.4th 336, 361.) "The court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary." (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.)

We disagree with defendant's contention that the trial court was required to find that he posed an unreasonable risk of committing a "new 'violent felony' (super strike)" to support its conclusion that striking the enhancement would endanger public safety. Section 1385, subdivision (c) defines the phrase "endanger public safety" as "a likelihood that dismissal of the enhancement would result in physical injury or other serious danger to others." (§ 1385, subd. (c).)

In any event, defendant has not shown that the trial court's decision was irrational or arbitrary. The trial court expressly considered the applicable mitigating circumstances, including that there were multiple enhancements alleged and that the prior serious felony enhancement was based on a conviction more than five years old. It nevertheless found that those mitigating circumstances were outweighed by defendant's criminal history and propensity for violence, both before the domestic violence and afterward in prison. Defendant committed multiple acts of violence on various victims and his violent behavior has continued while incarcerated. Contrary to defendant's argument, the trial

court's decision not to dismiss an enhancement was not an abuse of its discretion under section 1385, subdivision (c).

DISPOSITION

The judgment is affirmed.

_____/S/_____<br>
MAURO, Acting P. J.

We concur:

_____/S/_____<br>
BOULWARE EURIE, J.

_____/S/_____<br>
FEINBERG, J.